**BRYAN CAVE LLP**
C. Scott Greene, California Bar No. 277445
Ethan Schatz, California Bar No. 257919
Monique Jewett-Brewster, California Bar No. 217792
560 Mission Street, 25th Floor
San Francisco, California  94105
Telephone:     (415) 675-3400
Facsimile:      (415) 675-3434
E-Mail:     scott.greene@bryancave.com
              schatze@bryancave.com
              jewett-brewsterm@bryancave.com

Attorneys for Defendants
BANK OF AMERICA, N.A. and NATIONSTAR MORTGAGE LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| GARY BORDENKIRCHER, an individual, SANDRA BORDENKIRCHER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national association; NATIONSTAR MORTGAGE LLC, a limited liability corporation; and DOES 1 through 100,<br><br>Defendants. | Case No. CV-13-3408 PSG<br><br>Hon. U.S. Magistrate Judge Paul Singh Grewal<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:     October 15, 2013<br>Time:    10:00 a.m.<br>Ctrm.:    5<br><br>Complaint Filed: July 23, 2013<br>Trial Date:           None set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In their Opposition to Defendants' Motion to Dismiss ("Motion"), Plaintiffs simply repeat their baseless contention that Defendants violated California's Uniform Fraudulent Transfer Act by consummating the Transfer of BANA's right and interest in the subject Loan, as permitted by the parties' Deed of Trust. In support of the Court's inference that Defendants made and accepted the Transfer with actual fraudulent intent, Plaintiffs rely on only *one* of the eleven badges of fraud articulated in Cal. Civ. Code section 3439.04(b) – to wit, the fact that Plaintiffs held a contingent claim against BANA at the time of the Transfer. Indeed, Plaintiffs concede that they allege *no* other facts in support of this unfounded claim. Plaintiffs then reiterate their claims that Defendants violated California's Business and Professions section 17200, *et seq.*, based on the alleged fraudulent conveyance.

These claims all fail. Plaintiffs completely have failed to allege facts which support their claims in this case. Plaintiffs further fail to establish their standing to pursue either of the causes of action pled in the Complaint: Plaintiffs cannot show that they suffered any prejudice on account of the Transfer, and further fail to allege the tender required for their standing to pursue the considerable equitable relief sought in this case. Moreover, the judicially noticeable documents highlight both the implausibility of Plaintiffs' claims in this proceeding, and the fact that the Complaint's deficiencies cannot be cured by amendment.

For these reasons, and those set forth below, the Court should grant Defendants' Motion to Dismiss Plaintiff's Complaint with prejudice, and without leave to amend.

## II. ARGUMENT

### A. **Plaintiffs Have Failed To Provide Grounds For Their Entitlement To Relief Under the UFTA; As a Result, the Court's Dismissal of the Complaint Is Entirely Appropriate**

In their Opposition to Defendants' Motion, Plaintiffs assert that Defendants improperly "argu[e] the underlying facts of Plaintiffs' Complaint, which is inappropriate for disposition on a Motion to Dismiss". (Opp. 1:8-9.) This argument ignores the fact that dismissal under Rule 12(b)

SF01DOCS\162892.1                                1
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT
(CASE NO. CV-13-3408 PSG)

of the Federal Rules of Civil Procedure may be based on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Indeed, as the U.S. Supreme Court elucidated in its *Twombly* decision:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … ***a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*** …. Factual allegations must be enough to raise a right to relief ***above the speculative level.***

*See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (emphasis supplied) (internal citations omitted). Moreover, as clarified in the *Iqbal* opinion, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Plaintiffs summarily conclude in their Opposition that "[Defendants] fraudulently colluded … to transfer [the] rights and interest in Plaintiff's Property … with the actual intent to hinder Plaintiffs' ability to seek specific performance and damages in their [Bordenkircher I] suit against BANK OF AMERICA ["BANA"]. This is a clear violation of the Uniform Fraudulent Transfer Act ["UFTA"]." (Opp. 1:2-6.) Plaintiffs then concede that their claim for damages under California Business and Professions Code section 17200, *et seq.*, is based entirely upon Defendants' alleged violations of the UFTA. (*Id.*, 7:7-9.)

In support of this undisputedly threadbare recital of the elements of a cause of action under the UFTA, Plaintiffs contend that the subject Transfer was done with Defendants' actual fraudulent intent ***solely*** because the Transfer occurred "while Plaintiffs had a *contingent* claim for damages against [BANA]" (Opp. 1:2-3) (emphasis supplied). Thus, the entirety of Plaintiffs' Complaint is based upon the bare fact that BANA transferred its interest in the subject Loan during the pendency of the Bordenkircher I case. For the reasons set forth below, Plaintiffs have failed to allege facts which state any claim against Defendants in this proceeding. The Court should grant Defendants' Motion to Dismiss with prejudice, accordingly.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

### 1. **The Complaint On Its Face Fails To Plead Any Facts Which Evince That the Transfer Was Made With Defendants' Actual Fraudulent Intent**

As noted above, the Complaint alleges only that "the [T]ransfer was made … [when] [BANA] had been sued." (Compl. ¶¶ 8, 14-15; Opp. 4:26-27.) Plaintiffs concede that this fact is the sole ground for relief requested in their Complaint, and further assert that the Court should not dismiss their Complaint because "Plaintiffs have sufficiently pleaded [sic] *at least one* badge of fraud" under Cal. Civ. Code section 3439.04(b). (Opp. 5:1-2) (emphasis supplied.) Plaintiffs are correct in their contention that they are not required to prove all eleven of the badges of fraud set forth in the UFTA. (*Id.*, 4:25-28.) However, Plaintiffs are wholly mistaken in their assertion that they have met their pleading standard here. (*Id.*)

While a plaintiff need not establish all of the badges of fraud to prove a defendant's actual intent, the U.S. Court of Appeals for the Ninth Circuit has opined that "[t]he presence of a *single* badge of fraud may spur *mere suspicion*… [while] the confluence of several can constitute conclusive evidence of actual intent to defraud, absent 'significantly clear' evidence of a legitimate supervening purpose." *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994) (emphasis supplied); *see also Kaisha, Y.K.F. v. Dodson*, 423 B.R. 888, 902 (N.D. Cal. 2010).

Notwithstanding the glaringly deficient factual basis for their UFTA claims, Plaintiffs nonetheless request that the Court presume Defendants' actual fraudulent intent behind the Transfer. However, the presence of one (let alone more) of the UFTA's badges of fraud does not create a *presumption* of intent to defraud. Rather, the presence of such badge(s) "is merely evidence from which an *inference* of fraudulent intent may be drawn." *See Wyzard v. Goller* (1994) 23 Cal. App. 4th 1183, 1190 (quoting Assem. Comm., Comment 12, West's Ann. Civ. Code § 3439.04 (1993 pocket supp.), p. 149) (emphasis supplied).

The California Supreme Court has held that in cases of alleged fraud:

> An 'inference' is but a reasonable deduction and conclusion of facts proven, which court or jury is entitled to draw…. [I]f there be two inferences equally reasonable and equally susceptible of being drawn from the proved facts, the one favoring fair dealing and the other favoring corrupt practice, ***it is the express duty of court or jury to draw the***

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

*inference favorable to fair dealing.*"

*Ryder v. Bamberger* (1916) 172 Cal. 791, 799-800 (emphasis supplied); *Wilcox v. West* (1941) 45 Cal. App. 2d 267, 273. *See also Gold v. Maxwell* (1959) 176 Cal. App. 2d 213, 218 ("The presumption is against fraud; it approximates in strength that of innocence of crime.") (internal citations omitted.)

The Complaint demonstrates on its face that Plaintiffs have failed to allege facts which establish any clear, unequivocal, cogent and convincing proof of actual fraudulent intent on Defendants' part. Indeed, the evidence presented by Plaintiffs – that the Transfer occurred during the pendency of Bordenkircher I – hardly raises even a "mere suspicion" of Defendants' alleged fraud when viewed in the context of the challenged Transfer. As discussed in detail in Section IV(A) of the Motion, ***not <u>one</u> other badge of fraud is even alleged to be present in this case.*** (*See* Mot. 7:22-28; 8:1-9.) Plaintiffs' failure to sufficiently allege the factual basis for Defendants' purported actual fraudulent in this case is further highlighted by the legitimacy of Defendants' business judgment behind the Transfer. Indeed, the parties' Deed of Trust put Plaintiffs on notice of BANA's ability to transfer its interests in the subject Loan – long before Plaintiffs' commencement of the Bordenkircher I case. (RJN, Ex. A, at ¶ 20.)

In sum, Plaintiffs would have this Court find a violation of the UFTA in *every* transfer of rights in a loan which may be subject of a borrower's contingent claim, the consequences of which could potentially result in a lender's refusal to make such transfers despite its lawful ability to do so. The Court should not countenance such an unfair and drastic result, particularly where the Court may equally infer Defendants' good faith in consummating the Transfer on the facts as pled in the Complaint.

Plaintiffs' Complaint should be dismissed with prejudice on this ground alone.

### 2. <u>Plaintiffs Have Suffered No Prejudice On Account of the Transfer</u>

Plaintiffs assert that the subject Transfer deprived Plaintiffs of their ability to seek an award of "(a) monetary damages, (b) injunctive relief, and (c) specific performance" against BANA in the Bordenkircher I proceeding. (Opp. 5:12-14.) This claim fails for the following reasons.

As discussed in the Motion, prejudice to the plaintiff is "essential" to establish standing to assert a claim under the UFTA. *See Fidelity Nat. Title Inc. Co. v. Schroeder* (2009) 179 Cal. App. 4th 834, 859; *see also* Mot. 8:17-28. However, Plaintiffs cannot logically contend that the Transfer somehow prevents them from seeking monetary damages against BANA in the Bordenkircher I case. Regardless of BANA's Transfer of its rights and interest in the Loan at issue, Plaintiffs continue to prosecute their Bordenkircher I action (which suit remains pending). Thus, this argument is devoid of any merit.

Second, Plaintiffs themselves define the "specific performance" sought in their Bordenkircher I suit as "an Order from the Court requiring 'that Defendant honor its promises not to foreclose upon Plaintiffs' home … and to repair their credit.'" (Opp. 5:27-28; 6: 1; *see also* RJN, Ex. G, ¶ 36.) Contrary to Plaintiffs' arguments, the Transfer has not prevented Plaintiffs from seeking the substance of their "specific performance" remedy – Plaintiffs seek the same injunctive relief in the instant case, and the Court may order BANA to correct any incorrect credit reporting if it deems such relief appropriate. Thus, Plaintiffs have failed to establish their standing to pursue their UFTA claims in this case.

### 3. **Plaintiffs Had Every Opportunity To Tender Payments When Due Under the Loan; Their Undisputed Failure To Do So May Not Attributable To the Transfer**

Astonishingly, Plaintiffs' Opposition repeats and rehashes the Complaint's implausible allegation that Plaintiffs fell behind on their Loan payments solely due to the Transfer. (Opp. 6:4-6; Compl. ¶¶ 10, 17, 22.) In support of this contention, Plaintiffs assert that "from May 1, 2013 until June 9, 2013, the date that NATIONSTAR apparently filed a claim in Plaintiffs' bankruptcy, Plaintiffs were unable to make a payment, as they did not know what payment to make, and for how much, in the months of May and June, 2013". This nonsensical claim fails.

Notably, the RESPA Disclosure Letter dated April 10, 2013 – which Plaintiffs admit to have received in their Complaint – specifically invited Plaintiffs to contact BANA directly with "any questions or concerns regarding th[e] [T]ransfer". (Compl. ¶ 9; RJN, Ex. L.) The RESPA Disclosure Letter provided a telephone number by which Plaintiffs could reach BANA with any

1 questions as to how to tender their Loan payments. (RJN, Ex. L.) In addition, the RESPA
2 Disclosure Letter also expressly provided Plaintiffs with Nationstar's: (i) telephone number; (ii)
3 business address for correspondence (other than payments); and (iii) address for mailed payments.
4 (*Id.*) Finally, under the header "**Where should I make my home loan payments?**" (emphasis *in*
5 *original*), the RESPA Disclosure Letter informed Plaintiffs:

> If your payment is due before you receive a billing statement from
> Nationstar Mortgage LLC, write your new loan number on your check and
> mail it to the payment address shown on the enclosed notice. ***Please note,
> if you do not have your new loan number, you may write your old loan
> number on the check.*** (RJN, Ex. L) (emphasis supplied.)

9 Thus, Plaintiffs' claim that Defendants fraudulently colluded to prevent Plaintiffs from
10 tendering their Loan payments is ludicrous, and easily disproved by their allegations in the
11 Complaint. It is clear, then, that any accrued arrears on the Loan are attributable to Plaintiffs' own
12 failure to make payments when due.

13 By failing to sufficiently allege facts which establish any prejudice they purport to have
14 suffered on account of the Transfer, Plaintiffs concomitantly have failed to demonstrate their
15 standing to prosecute any claim for Defendants' alleged violation of the UFTA. The Court should
16 dismiss the entirety of Plaintiffs' Complaint with prejudice, accordingly.

17 **B.** **Plaintiffs Likewise Have Failed To Sufficiently Plead a Viable Claim Under
18 California's UCL**

19 In their Opposition, Plaintiff confirm that their claims under the unlawful and fraudulent
20 prongs of California's Unfair Competition Law ("UCL") are based entirely on their "cause of
21 action for violations of the [UFTA]." (Opp. 7:5-6.) For the reasons stated above, Plaintiffs have
22 failed to state a claim for relief against Defendants for any alleged violation of the UFTA.
23 Plaintiffs' Second Cause of Action for violation of the UCL should be dismissed with prejudice on
24 this ground alone.

25 Plaintiffs also contend in their Opposition that they are not required to allege tender,
26 despite the substantial equitable relief requested by their Complaint. (Opp. 7:22-28) (further
27 acknowledging that "[t]ender is a doctrine of equity applicable only to equitable causes of
28 action"). Fatal to Plaintiff's position is the fact that the rules of tender apply where equitable

1  remedies are sought. *Dimock v. Emerald Properties, LLC* (2000) 81 Cal. App. 4th 868, 878
2  ("This requirement is based on the theory that one who is relying upon equity . . . is able to
3  perform his obligations under the contract so that equity will not have been employed for an idle
4  purpose."); *cf. Yates v. Aurora Loan Services, LLC*, 2011 WL 2429376, at *4 (N.D. Cal. 2011)
5  (rescission and restitution); *Grogan-Beall v. Ferdinand Roten Galleries, Inc.* (1982) 133 Cal. App.
6  3d 969, 979 (mutual restitution).

7  Recovery under the UCL is limited to **equitable relief, only**. *See Korea Supply Co. v.*
8  *Lockheed Martin Corp.* (2003) 29 Cal. 4th 1134, 1144 ("A UCL action is equitable in nature;
9  damages cannot be recovered."). Thus, "[w]ithout [Plaintiff's] meaningful tender, Plaintiff seeks
10 empty remedies, not capable of being granted." *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d
11 1051, 1059-61 (E.D. Cal. 2010) (dismissing 17200 claim).

12 It is clear, then, that Plaintiffs' failure to allege any meaningful tender deprives them of
13 standing to pursue their UCL claims in this case. The Court should dismiss Plaintiffs' UCL claims
14 without leave to amend.

### III. CONCLUSION

16 Plaintiffs' Complaint is premised on nothing more than deficient factual allegations and
17 unsupportable conclusions of law. As a result, each of Plaintiffs' claims – all of which are based
18 on Defendants' purported violations of the UFTA – fail as a matter of law. The judicially
19 noticeable documents further demonstrate that the material defects in Plaintiffs' pleading cannot
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1 be rectified through amendment. Accordingly, Defendants respectfully request that the Court
2 sustain their Motion to Dismiss Plaintiffs' Complaint with prejudice, and without leave to amend.

Dated: September 27, 2013          Respectfully submitted,

                                             **BRYAN CAVE LLP**
                                             C. Scott Greene
                                             Ethan Schatz
                                             Monique Jewett-Brewster


                                             By: /s/ Monique Jewett-Brewster
                                                     Monique Jewett-Brewster
                                             **Attorneys for Defendants**
                                             BANK OF AMERICA, N.A. and NATIONSTAR MORTGAGE LLC

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105